# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| **DAVID RAMIREZ JR. AND LUPE RAMIREZ** § <br> § <br> *Plaintiffs,* § <br> § <br> v. § <br> § **CIVIL ACTION NO. 3:20-cv-243** <br> **FEDERAL NATIONAL MORTGAGE ASSOCIATION AND JP MORGAN CHASE BANK, NATIONAL ASSOCIATION** § <br> § <br> *Defendants.* § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Federal National Mortgage Association ("Fannie Mae") and JPMorgan Chase Bank, National Association ("JPMC") (collectively, "Defendants") file their Notice of Removal of this action from the County Court at Law No. 6 of El Paso County, Texas, to the United States District Court for the Western District of Texas, El Paso Division, the district and division embracing where the state court is located. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support, Defendants show this Court as follows:

1. On July 20, 2020, Plaintiffs David Ramirez Jr. and Lupe Ramirez ("Plaintiffs") filed an Original Petition and Request for Disclosures (the "Complaint") in the County Court at Law No. 6 of El Paso County, Texas, styled *David Ramirez Jr. and Lupe Ramirez v. Federal National Mortgage Association and JP Morgan Chase Bank, National Association*, where it was assigned Cause No. 2020DCV2294 (the "State Court Action").

2. Removal is timely because thirty (30) days have not elapsed since either defendant was served with a summons or citation. 28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the summons or citation is served, even if the complaint is received at a prior date). JPMC was served on August 28, 2020, and Fannie Mae was served on August 31, 2020. This removal is within thirty days of the service on Defendants.

3. Defendants are, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal to the clerk of the County Court at Law No. 6 of El Paso County, Texas, and will serve a copy of the Notice of Removal on Plaintiffs.

4. Attached as "Exhibit A" is an appendix of all documents filed in the State Court Action that identifies each document and indicates the date the document was filed in state court, including the state court docket sheet and all process, pleadings, and orders filed or entered in the State Court Action.

5. Defendants have filed contemporaneously with this Notice a civil cover sheet and a separately signed certificate of interested persons and disclosure statement that complies with Federal Rule of Civil Procedure 7.1.

### GROUND FOR REMOVAL: DIVERSITY

6. This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.

    **(a) The amount in controversy exceeds the federal minimum jurisdictional requirements.**

7. Plaintiffs allege a home equity loan violates Article XVI, § 50(a)(6), of the Texas Constitution and Defendants failed to cure the alleged defect. They seek forfeiture of all

principal and interest on the loan and attorneys' fees. *See* Ex. A-2 at ¶¶ 21-22 and Prayer for Relief. The loan at issue secured an original principal sum of $79,800. *Id.* at Exhibit 1. Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

### (b) Complete Diversity between Plaintiffs and Defendants Exists.

8. Plaintiffs were at the time of the filing of this action, have been at all times since, and are still individual resident citizens of the State of Texas. For diversity purposes, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning whenever he is absent there from. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). Accordingly, Plaintiffs are citizens of Texas.

9. A corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). Fannie Mae is a federally chartered corporation with its principal place of business in the District of Columbia. 12 U.S.C. § 1717(a)(2)(B) ("It shall maintain its principal office in the District of Columbia . . . and shall be deemed, for purposes of jurisdiction and venue in civil actions, to be a District of Columbia corporation."). Accordingly, Fannie Mae was at the time of the filing of this action, has been at all times since, and is still a citizen of the District of Columbia.

10. A national banking association is deemed a citizen of the state in which it is located. 28 U.S.C. § 1348. For purposes of 28 U.S.C. § 1348, a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located. *See Wachovia Bank, N.A. v. Schmidt*, 126 S. Ct. 941 (2006). JPMC is a national association with its main

office, as designated by its articles of association, in Columbus, Ohio.  Accordingly, JPMC was at the time of the filing of this action, has been at all times since, and is still a citizen of Ohio.

11. Accordingly, because the amount in controversy exceeds $75,000 and Plaintiffs are citizens of Texas while Defendants are not, this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332. Removal is therefore proper.

WHEREFORE, Defendants pray that the above-described action now pending in the County Court at Law No. 6 of El Paso County, Texas, be removed to this Court.

Respectfully submitted,

/s/ Anthony L. Laporte
Anthony L. Laporte, Attorney
Texas Bar No. 00787876
Matthew Hansel
Texas Bar No. 24092480
HANSZEN LAPORTE, LLP
14201 Memorial Drive
Houston, Texas  77079
(713) 522-9444 (Telephone)
(713) 524-2580 (Facsimile)
alaporte@hanszenlaporte.com
mhansel@hanszenlaporte.com

**ATTORNEYS FOR DEFENDANTS JPMORGAN CHASE BANK, N.A. AND FEDERAL NATIONAL MORTGAGE ASSOCIATION**

## CERTIFICATE OF SERVICE

This is to certify that on September 18, 2020 a true and correct copy of the foregoing pleading has been furnished to Plaintiffs' counsel via certified mail, return receipt requested and electronic mail, in accordance with the Federal Rules of Civil Procedure.

Robert Lane
Joshua D. Gordon
THE LANE LAW FIRM, P.L.L.C.
6200 Savoy Drive, Suite 1150
Houston, Texas 77036
notifications@lanelaw.com
joshua.gordon@lanelaw.com

*/s/ Anthony L. Laporte*
Anthony L. Laporte